LAURENCE H. LUCKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36368.   Promulgated October 27, 1930.

*C. H. Preston, Esq.*, for the petitioner.
*Brooks Fullerton, Esq.*, for the respondent.

OPINION.

TRUSSELL: The Revenue Act of 1926 provides as follows:

SEC. 212. (d) Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. * * *

SEC. 1208. The provisions of subdivision (d) of section 212 shall be retroactively applied in computing income under the provisions of the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, the Revenue Act of 1921, or the Revenue Act of 1924, or any of such Acts as amended. * * *

Petitioner contends that, it being shown that he regularly sold goods on the installment plan in 1924, he is entitled to now return the income for that year on the installment basis under the above-quoted provisions of the Revenue Act of 1926, irrespective of the fact that his return for that year was made on the accrual basis. Respondent insists that petitioner, having returned his income on the installment basis for several years prior to 1924 and having changed to the accrual basis in that year at his own request, is now estopped to take advantage of the privilege accorded by the above quoted provision of the act subsequently passed.

We can not agree with respondent's theory. The most that can be said is that petitioner, after changing from the installment to the accrual basis in 1924, was thereupon to be considered as on such basis and entitled to any privilege accorded by existing law or subsequently extended by any later act to one selling on the installment plan in that year and reporting such sales on the accrual basis. It is not denied that petitioner regularly sold his goods during 1924 on the installment plan and he thereby fulfills the conditions prescribed by section 212 (d) and is entitled to its benefits. The appeal

of *Charles A. Holman*, 1 B. T. A. 628, cited by respondent as authority for his contention that one who keeps his books of account on the accrual basis can not make his return on the installment basis, has no application to this case, as that proceeding was one prior to the enactment of the Revenue Act of 1926, in which the privilege here relied upon was granted. We hold that he is entitled to return this income on the installment basis.

*Judgment will be entered under Rule 50.*